JOSEPH CUNNINGHAM, ADMR. OF DAVID CUNNINGHAM v. WILLIAM SUBLETTE.

A declaration by one of a firm, after the death of intestate, that the firm owed intestate $1100, is evidence of an account stated with intestate in his life time.

ERROR to St. Louis circuit court.

A declaration by one of a firm, after the death of intestate, that the firm owed intestate $1100, is evidence of an account stated with intestate in his life time.

Opinion of the court delivered by Tompkins J.

This was an action of assumpsit, brought by the plaintiff Cunningham against Sublette, in which there was a verdict and judgment for the defendant, to reverse which, the writ of error is prosecuted.  The declaration contains four counts, 1st. for work and labor &c, by David Cunninghm, the intestate done, and a promise to him, in

his life time,—2nd. An account stated between the intestate and the defendant.—3rd. Work and labor by intestate, done for defendant, and a promise to the plaintiff as administrator.—4th. An account stated between intestate and the defendant. It appeared in evidence, that in July or August, of the year 1826, Smith, Jackson and Sublette, the defendant, entered into partnership in the fur trade, and that David Cunningham, the intestate was in their employment. Sometime in the year 1827, while Cunningham was in the employment of the persons aforesaid, he was killed by the Indians. About two years after his death, a witness says, that he inquired of Smith, one of the above named firm, about the affairs of the intestate, and that Smith answered him, that the deceased had been doing very well, we (the said firm,) owe him eleven hundred dollars. This took place, according to that witness, in the lodge of the defendant and of Smith in the mountains. Sometime in the month of October, 1830, the defendant and the said Smith, both being in the town of St. Louis, the plaintiff in this action had a settlement, as administrator of D. Cunningham, with Smith, acting for the firm, and received from him two hundred and fifty dollars, for which he gave his receipt, as in full of all demands. It was not in evidence, that at this settlement, any regular books of accounts were produced belonging to the company. It was understood, that most of the papers of the firm, had been destroyed by the Indians in the mountains. The plaintiff having acquired the knowledge of this admission of Smith, after the settlement above mentioned, had been made, brought this action to recover the balance of the sum admitted to be due: neither party requiring a jury, the matter was submitted to three persons, whom the court instructed, that no evidence of an account stated, was given, except that with the administrator. They found for the defendant, the plaintiff moved for a new trial, because as he contended, the court had misdirected the above named persons, to whom the matter in issue had been referred. It is clear, and admitted by the defendant's counsel, that if through mistake of the plaintiff, or the misrepresentation of Smith, he, (the plaintiff,) received a less sum than was due to him, as administrator of the intestate, that he would still have his right of action to recover the balance. But it is contended, that the only evidence of an account stated, is that stated with the plaintiff in his representative character. We think differently: Smith's admission to one witness, that the firm owed the intestate $1100, is, in our opinion,

such as ought to have been left to a jury, and if they believed the witness, it would be sufficient to justify them in finding for the plaintiff, on the count for an account stated with the intestate in his life time, unless the defendant could be exonerated by showing, that Smith himself, was mistaken in the calculation of the amount due to the deceased. The circuit court then, we think, erred in giving such instructions, and therefore should have allowed the plaintiff to have a new trial. Its judgment is, therefore reversed, and the cause remanded.